UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MICHAEL MANN,

      Petitioner,

                                 Case No. 14-cv-11316

v.                             Hon. Matthew F. Leitman

LLOYD RAPELJE,

      Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Gregory Michael Mann ("Mann") is a state prisoner confined at the Central Michigan Correctional Facility in St. Louis, Michigan. On March 31, 2014, Mann filed a *pro se* petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) In the Petition, Mann challenges his state-court convictions for two counts of second-degree criminal sexual conduct, M.C.L. § 750.520c(1)(a). For the reasons stated below, the Petition is **DENIED**.

1

# I

On January 12, 2012, a jury in the 17th Circuit Court in Grand Rapids, Michigan convicted Mann of two counts of second-degree criminal sexual conduct in violation of M.C.L. § 750.520c(1)(a). The operative facts underlying his conviction are as follows:

> T.W., the daughter of defendant's former girlfriend, testified that defendant twice engaged in sexual contact with her when she was 10 or 11 years old. On one occasion, defendant made her give him a "hand job." On the other occasion, defendant touched her vagina. Two others witnesses, L.M., defendant's daughter, and K.M., defendant's stepdaughter, testified that defendant engaged in sexual contact or penetration with them.

*People v. Mann*, 2013 WL 1845611, at *1 (Mich. Ct. App. May 2, 2013).

Mann appealed his conviction to the Michigan Court of Appeals. On May 2, 2013, that court affirmed his conviction. *See id.* Mann then sought leave to appeal in the Michigan Supreme Court, and that court denied leave. *People v. Mann*, 843 N.W.2d 121 (Mich. 2013).

In the Petition, Mann seeks a writ of habeas corpus on the following grounds:

> I.   Defendant was denied [his] Constitutional Right to notice of charges against him and trial counsil's [sic] failure to object denied Defendant right to effective assistance of counsil [sic]. US Const AM VI, XIV.

2

II.    Ineffective Counsil [sic] for failure to object. US Const AM VI, XIV.

III.    Denied Fair Trial.

IV.    Denied Fair Trial – Ineffective Counsil [sic].

V.    Denied Fair Trial - Prosecutor's Denigrating Comments.

(ECF #1 at 4-9, Pg. ID 4-9.)

## II

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases involving claims that were adjudicated on the merits by a state court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

As the Supreme Court has explained, "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)).

4

## III

### A.    Mann's Lack-of-Notice Claim[1]

Mann first contends that he was denied his right – under the Due Process Clause of the Fourteenth Amendment – to sufficient notice of the charges against him.  He complains that the information filed against him (the charging document in this case) failed to specify the dates on which the alleged offenses occurred.  He contends that instead of listing particular dates (or reasonably precise time frames) for the offenses, the information alleged that the two instances of sexual contact with T.W. occurred within a three-year period.   Mann notes that he was incarcerated for extended periods of time during the three-year time period, and he says that the failure to identify a more precise time for the offenses deprived him of the ability to assert an alibi defense.

The Michigan Court of Appeals considered and rejected this claim for the following reasons:

---

[1]  Respondent contends that all or a number of Mann's claims are procedurally defaulted because he failed to preserve them at the trial level.  However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).   The Court concludes that under the circumstances that exist here, it would be most efficient to reach the merits of all of the claims – which the Court resolves against Mann – rather than attempting to resolve the procedural default questions that Respondent has raised.

Defendant first argues that he was denied his constitutional right to notice of the charges against him when the information alleged that the two instances of sexual contact with T.W. occurred in a three-year period. According to defendant, because he was incarcerated for extended periods of time during the three years, he might have been able to provide an alibi defense had a more specific time period been given. We review this unpreserved claim of constitutional error for plain error affecting defendant's substantial rights. *People v. Carines,* 460 Mich. 750, 763-764; 597 N.W. 2d 130 (1999).

"A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense – a right to his day in court – are basic in our system of jurisprudence[.]" *In re Oliver,* 333 U.S. 257, 273; 68 S.Ct. 499; 92 L.Ed.2d 682 (1948). "A defendant's right to adequate notice of the charges against the defendant stems from the Sixth Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment." *People v. Darden,* 230 Mich. App. 597, 600; 585 N.W. 2d 27 (1998). "To the extent possible, the information should specify the time and place of the alleged offense." MCR 6.112(D). "The indictment or information shall contain . . . [t]he time of the offense as near as may be. No variance as to time shall be fatal unless time is of the essence of the offense." MCL 767.45(1)(b). An alibi defense does not make time of the essence. *People v. Dobek,* 274 Mich. App. 58, 83; 732 N.W. 2d 546 (2007). In determining whether an information is deficient because of a failure to provide a specific date, a court considers the following factors: "(1) the nature of the crime charged; (2) the victim's ability to specify a date; (3) the prosecutor's efforts to pinpoint a date; and (4) the prejudice of the defendant in preparing a defense." *People v. Sabin,* 223 Mich. App. 530, 532; 566 N.W. 2d 677 (1997), remanded in part on other grounds

6

459 Mich. 924 (1998) (quotation omitted). "Where the facts demonstrate that the prosecutor has stated the date and time of the offense to the best of his or her knowledge after undertaking a reasonably thorough investigation, we would be disinclined to hold that an information . . . was deficient for failure to pinpoint a specific date." *People v. Naugle,* 152 Mich. App. 227, 234; 393 N.W.2d 592 (1986).

The nature of the charged offenses involved criminal sexual conduct against a minor. "Time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *Dobek,* 274 Mich. App. at 83. T.W. did not disclose the sexual contact right after it occurred; rather, she delayed in disclosing for several years. We have generally recognized that children who are victims of sexual abuse may have difficulty remembering the specific dates of the abuse. *Naugle,* 152 Mich. App. at 235 Moreover, although the prosecutor made no attempt at trial to determine specific dates or a more specific time period for the abuse, there is no indication on the record that the prosecutor did not undertake a reasonably thorough investigation to determine a more specific time period for the abuse before the information was filed. Under these circumstances, even though defendant may have been able to assert an alibi defense for a certain portion of the three-year period, there was no obvious or clear denial of defendant's constitutional right to notice of the charges against him. *Carines,* 460 Mich. at 763.

*Mann*, 2013 WL 1845611, at *1-2.

The Michigan Court of Appeals' rejection of Mann's lack-of-notice claim did not involve an unreasonable application of clearly established federal law. The

Due Process Clause requires that an information or indictment provide "sufficient information to provide [a habeas] petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense." *Roe v. Baker,* 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). Importantly, the Sixth Circuit has noted "[t]hat fairly large time windows in the context of child abuse prosecutions are not in conflict with [these] constitutional notice requirements," *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) (collecting cases), and that court has denied habeas relief to petitioners convicted of child sexual assault offenses in state criminal cases that proceeded under charging documents like the one filed against Mann here. *See, e.g.*, *Valentine*, 395 F.3d at 632 (holding that state court did not unreasonably conclude that charging document, which alleged assaults that took place on unspecified dates over a ten and one-half month period, provided sufficient notice of the charges); *Coles v. Smith*, 577 Fed. App'x 502, 510 (6th Cir. 2014) (holding that state court did not unreasonably conclude that charging document, which alleged assaults that took place on unspecified dates over a three-and-a-half year period, provided petitioner sufficient notice of the charges); *Bruce v. Welch*, 572 Fed. App'x 325, 330-31 (6th Cir. 2014) (holding that state court did not unreasonably conclude that charging document, which alleged assaults that

8

took place on unspecified dates over a four year period, provided sufficient notice of the charges). Mann has failed to show that the Michigan Court of Appeals unreasonably applied clearly established federal law with respect to his lack-of-notice claim.

Mann argues that the Sixth Circuit's decision in *Valentine* requires a contrary result. The Court disagrees. As noted above, in *Valentine*, the Sixth Circuit *rejected* the petitioner's argument that the charging document failed to provide sufficient notice of the charges where it alleged that he committed sexual offenses against a child within a ten-and-one-half month period. The court denied relief on the lack-of-notice claim even though the petitioner, like Mann here, argued that the lack of specificity in the charging document deprived him of the ability to assert an alibi defense. *See Valentine*, 395 F.3d at 632-33. *Valentine* is no help to Mann.[2]

---

[2] The Sixth Circuit did find a due process violation in *Valentine*, but the violation did not stem from a lack of notice in the charging document. Instead, the problem was that, at trial, the prosecution "did not attempt to lay out the factual bases of forty separate incidents that took place," making it "incredibly difficult for the jury to consider each count on its own." *Valentine*, 395 F.3d at 633.

**B.     Mann's Ineffective Assistance Claim Based on His Trial Counsel's Failure to Object to the Lack of Specificity in the Information**

Second, Mann claims that his trial counsel rendered ineffective assistance of counsel when he failed to object to the information on the ground that it lacked the constitutionally-required specificity.

The Michigan Court of Appeals considered that claim and rejected it for the following reasons:

> We also reject defendant's claim that defense counsel was ineffective for failing to object to the information. Even though defendant might have had an alibi for certain periods of the three-year period stated in the information, the record does not establish that any objection to the information would have obtained any relief for defendant. *See People v. Fike,* 228 Mich. App. 178, 182; 577 N.W. 2d 903 (1998) (stating that counsel is not ineffective for failing to make a futile objection). The record contains no facts to suggest that the prosecutor did not undertake an investigation to determine a more specific time period for the charged offenses, and an information will generally not be deficient for failure to pinpoint a specific date where the facts demonstrate that the prosecutor stated the date of the offense to the best of his knowledge after undertaking a reasonably thorough investigation. *Naugle,* 152 Mich. App. at 234.

*Mann*, 2013 WL 1845611, at *2.

The state appellate court's rejection of this claim is not so unreasonable as to entitle Mann to habeas relief.

10

To show that he was denied the effective assistance of counsel under federal constitutional standards, a habeas petitioner must satisfy a two prong test. First, the petitioner must demonstrate that, considering all of the circumstances, his counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the petitioner must overcome a presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* Second, the petitioner must show that his counsel's performance prejudiced his defense. *See id.* To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." *Harrington v. Richter*, 562 U.S. at 101. Thus, under AEDPA, a "doubly

11

deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Knowles*, 556 U.S. at 123.

This Court cannot conclude that the Michigan Court of Appeals unreasonably applied *Strickland* when it rejected Mann's ineffective assistance claim based upon his counsel's failure to argue that the information was not sufficiently precise. As noted above, federal courts have held that similar charging documents passed constitutional muster, and thus the Michigan Court of Appeals did not unreasonably conclude that Mann failed to show that the trial court would have granted relief if his counsel had raised the lack-of-specificity objection.

## C.    Mann's Claim Based on the Admission of Prior Bad Acts Evidence

Third, Mann seeks habeas relief based upon the admission at trial of evidence that he engaged in sexual conduct with underage girls other than the complaining witness. He argues that the trial court failed to properly weigh the prejudice from the evidence against its probative value and that his counsel was ineffective for failing to object to the admission of this evidence.

The Michigan Court of Appeals considered both of these claims and rejected them:

> Defendant next argues that the admission of evidence that he engaged in sexual conduct with L.M. and K.M. denied him a fair trial. He argues that the evidence was not relevant, was not admissible under MRE 404(b) or

MCL 768.27a, and was unfairly prejudicial under MRE 403. We review this unpreserved claim of evidentiary error for plain error affecting defendant's substantial rights. *People v. Coy,* 258 Mich. App. 1, 12; 669 N.W. 2d 831 (2003).

Evidence of defendant's sexual conduct with L.M. and K.M. was relevant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "[A] defendant's character and propensity to commit the charged offense is highly relevant because an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity." *People v. Watkins,* 491 Mich. 450, 468; 818 N.W. 2d 296 (2012) (quotation omitted). Accordingly, evidence that defendant engaged in sexual conduct with L.M. and K.M. had a tendency to make it more probable that defendant engaged in sexual contact with T.W. MRE 401.

MCL 768.27a(1) provides:

> (1) Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the

13

substance of any testimony that is expected to be offered.

MCL 768.27a(1) permits the admission of evidence that a defendant committed another listed offense to prove the defendant's character and propensity to commit the charged crime. *Watkins,* 491 Mich. at 470. The statutes conflicts [sic] with MRE 404(b), but because MCL 768 .27a is a valid enactment of substantive law, it prevails over the rule of evidence. *Id.* at 475.

There is no dispute that MCL 768.27a applies to the present case. However, defendant claims that, because the prosecutor failed to give the required notice, evidence of his sexual conduct with L.M. and K.M. was not admissible under MCL 768.27a. However, nothing in the language of MCL 768.27a requires that the prosecuting attorney disclose the evidence that he intends to offer under the statute in a written notice filed with the trial court. We may not read such a requirement into the statute. *See People v. Waltonen,* 272 Mich. App. 678, 685; 728 N.W. 2d 881 (2006). The language of MCL 768.27a simply required that the prosecutor disclose evidence of defendant's sexual conduct with L.M. and K.M. to defendant at least 15 days before trial was scheduled to commence. And, we note that both L.M. and K.M. were listed as witnesses on the information. There is nothing in the record to indicate that the prosecutor failed to comply with this mandatory duty. Accordingly, defendant's argument is without merit.

Evidence admissible under MCL 768.27a remains subject to the balancing test of MRE 403. *Watkins,* 491 Mich. at 481, 486. Under MRE 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

14

cumulative evidence." In applying the MRE 403 balancing test to evidence admissible under MCL 768.27a, a court must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. *Watkins,* 491 Mich. at 487. Here, defendant's conduct with L.M. and K.M. was similar to the charged conduct: defendant stood in a parental or semi-parental role to each of the three victims and engaged in sexual penetration or contact with each one. In addition, the other acts evidence was "highly relevant" because of the propensity inference and because the evidence supported T.W.'s credibility. *Id.* at 470, 491. Under these circumstances, the prejudicial value of the other acts evidence did not clearly or obviously substantially outweigh the evidence's probative value. *Carines,* 460 Mich. at 763. Accordingly, there was no plain error in the admission of the evidence of defendant's sexual conduct with L.M. and K.M. under MCL 768.27a. *Coy,* 258 Mich. App. at 12.

We reject defendant's claim that defense counsel was ineffective for failing to object to the evidence of defendant's sexual conduct with L.M. and K.M. Because the evidence was admissible under MCL 768.27a and was not excluded by MRE 403, any objection by defense counsel would have been meritless. Counsel is not ineffective for failing to make a futile objection. *Fike,* 228 Mich. App. at 182.

*Mann*, 2013 WL 1845611, at *2-4.

Mann is not entitled to habeas relief based on these rulings. First, the admissibility of the prior acts evidence was a question of state law, and federal habeas relief is not available to correct alleged errors of state law. *See Estelle v.*

15

*McGuire*, 502 U.S. 62, 67-68 (1991); *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).  Second, given the state appellate court's holding that the evidence was admissible under state law, the state court's holding that Mann's trial counsel was not ineffective for failing to object to the admission of that evidence was not unreasonable.  Indeed, the failure to object to relevant and admissible evidence is not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003).

## D. Mann's Claim Based Upon the Admission of a Jailhouse Informant's Testimony

Fourth, Mann alleges that he was denied a fair trial when the trial court judge allowed irrelevant and highly prejudicial testimony from jailhouse informant Paul Quint ("Quint").  Quint testified at trial that Mann admitted to molesting his step-daughter.

The Michigan Court of Appeals considered this argument and rejected it:

> Defendant additionally argues that he was denied a fair trial by the admission of Paul Quint's testimony that defendant admitted that he engaged in sexual relations with his 13-year-old stepdaughter. According to defendant, Quint's testimony was irrelevant and highly prejudicial because his admission could not be linked to any of defendant's three victims. Because this ground was not the basis for defendant's objection to Quint's testimony below, the issue is unpreserved. *See People v. Aldrich,* 246 Mich. App.  101, 113; 631 N.W.2d 67 (2001) ("To preserve an evidentiary issue for review, a

16

party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal."). We review this unpreserved evidentiary claim of error for plain error affecting defendant's substantial rights. *Coy*, 258 Mich. App. at 12.

Contrary to defendant's assertion, his admission to Quint could be linked to one of the three victims: K.M., who was defendant's stepdaughter. Further, the credibility of a witness is a material issue. *See People v. Mills*, 450 Mich. 61, 72; 537 N.W. 2d 909 (1995), mod 450 Mich. 1212 (1995). Quint's testimony regarding defendant's admission was relevant because it boosted the credibility of K.M. Quint's testimony had a tendency to make it more probable that K.M. was testifying truthfully. MRE 401. Accordingly, because defendant's admission to Quint could be linked to K.M., and because the admission boosted the credibility of K.M., there was no plain error in the admission of Quint's testimony. *Coy*, 258 Mich. App. at 12.

*Mann*, 2013 WL 1845611, at *4.

Mann is not entitled to relief on this claim because the admissibility of Quint's testimony involved a question of state law and is thus not cognizable on habeas review. *See, e.g.*, *Estelle*, *supra*. To the extent that Mann argues that his trial counsel was ineffective for not objecting to Quint's testimony, that claim fails because the state court held that the testimony was admissible under state law. *See Alder*, *supra*.

**E.     Mann's Claim Based Upon Admission of Testimony That He Was on a Tether and Beat His Step-Daughter**

Mann alleges that his right to a fair trial was violated by the admission of testimony from the victim's mother, Jody Mann, that Mann was on tether and that he beat his step-daughter.

The Michigan Court of Appeals considered this claim and rejected it:

> Defendant also argues that he was denied a fair trial by the testimony of K.M.'s mother that he was on tether and that he beat K.M. We review this unpreserved claim of evidentiary error for plain error affecting defendant's substantial rights. *Coy,* 258 Mich. App. at 12.
>
> Defendant fails to acknowledge that the allegedly improper testimony was given in response to questions asked by him. "[A]n appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence." *People v. Witherspoon,* 257 Mich. App. 329, 333; 670 N.W. 2d 434 (2003). But, to the extent that the testimony was unresponsive and could be considered plainly improper, the testimony did not affect defendant's substantial rights. *Carines,* 460 Mich. at 763. Evidence of defendant's character to commit crimes had already been made known to the jury through the testimony of L.M. and K.M. Thus, the brief references to defendant's tether and his act of beating K.M., did not affect the outcome of defendant's trial. *Id.*

*Mann*, 2013 WL 1845611, at *4.

Mann has failed to show that this ruling involved an unreasonable application of Supreme Court precedent.  Indeed, Mann appears to present this

18

issue as one of state law (*see* Attachment to Petition, ECF #1 at Pg. ID 58-59), and, as noted above, an error of state law may not form the basis of habeas relief. Moreover, the challenged testimony was a small fraction of the evidence against Mann, and there is no indication that it affected the outcome of the trial.

Nor is Mann entitled to habeas relief on the ground that his trial counsel was ineffective for failing to object to this testimony. The Michigan Court of Appeals considered and rejected this claim of ineffective assistance:

> We reject defendant's claim that defense counsel was ineffective for failing to object to the now challenged testimony, to request a curative instruction, or to move for a mistrial. "Certainly there are times when it is better not to object and draw attention to an improper comment," *People v. Bahoda*, 448 Mich. 261, 287 n.54; 531 N.W. 2d 659 (1995), and defense counsel may have reasonably believed that this was one of those situations. In addition, "[a] trial court should only grant a mistrial when the prejudicial effect of the error cannot be removed in any other way." *People v. Horn,* 279 Mich. App. 31, 36; 755 N.W. 2d 212 (2008). Instructions are presumed to cure most errors. *Id.* Defendant makes no argument that any prejudice resulting from the allegedly improper testimony could not have been cured by instructions. Accordingly, defendant fails to establish that a motion for a mistrial would have been granted. Counsel was not ineffective for failing to make a futile motion. *Fike*, 228 Mich. App. at 182.

*Mann*, 2013 WL 1845611, at *5.

19

Applying the "doubly-deferential" standard to claims brought under *Strickland*, this Court cannot conclude that the state appellate court's rejection of this ineffective assistance claim was unreasonable.

### F.   Mann's Prosecutorial Misconduct Claims

Mann argues that he was deprived of a fair trial by two types of prosecutorial misconduct.  The Court addresses each in turn below.

### 1.   Mann's Claim Asserting Denigration of Trial Counsel

Mann first seeks habeas relief on the ground that the prosecutor denigrated his trial counsel when the prosecutor suggested that counsel was trying to mislead the jury.  Mann specifically complains that the prosecutor accused his trial counsel of injecting "red herrings" into the case and of throwing "stuff" against the wall.

The Michigan Court of Appeals considered this claim and rejected it:

> Finally, defendant next argues that he was denied a fair trial by improper arguments by the prosecutor during closing argument. We review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v. Ackerman,* 257 Mich. App.  434, 448; 669 N.W. 2d 818 (2003).
>
> Defendant claims that the prosecutor denigrated the defense when the prosecutor argued that defense counsel was throwing out "red herrings" and "stuff" against the wall. A prosecutor may not personally attack defense counsel. *People v. Likine,* 288 Mich. App.  648, 659; 794 N.W. 2d 85 (2010), reversed in part on other grounds 492 Mich. 367 (2012). Similarly, a prosecutor may not

20

suggest that defense counsel is intentionally attempting to mislead the jury. *Id.* An otherwise improper remark does not require reversal if it was made in response to defense counsel's arguments. *People v. Watson,* 245 Mich. App. 572, 592–593; 629 N.W. 2d 411 (2001). The prosecutor's remark that "there's some effort throughout this trial . . . to get you off on different tangents and to get you on throwing out some red herrings" cannot be said to have been in response to defense counsel's arguments. The remark was not made during rebuttal argument, but was made during the prosecutor's initial closing argument. *See People v. Unger,* 278 Mich. App.  210, 238; 749 N.W. 2d 272 (2008). Because the remark suggested that defense counsel was attempting to intentionally mislead the jury, the remark constituted plain error. *Ackerman,* 257 Mich. App.  at 448. However, the remark did not affect the outcome of the proceedings. *Carines,* 460 Mich. at 763. The prosecutor's remark was not overly prejudicial. In addition, the jury was instructed that the lawyers' statements and arguments were not evidence and that it should only accept things that the lawyers said that were supported by the evidence or by its common sense and general knowledge. A jury is presumed to follow its instructions, and instructions are presumed to cure most errors. *People v. Abraham,* 256 Mich. App. 265, 279; 662 N.W. 2d 836 (2003).

With respect to the prosecutor's "red herring" remarks in closing rebuttal argument, we find no plain error. The prosecutor's remarks were a response to defendant's arguments that the prosecutor had not proven the charged crimes beyond a reasonable doubt. Accordingly, the remarks were not a personal attack on defense counsel. *Likine,* 288 Mich. App. at 659.[3]

Fn.3: Even if the remarks were improper, the trial court's instructions cured any prejudice suffered by defendant.

*Abraham,* 256 Mich. App. at 279.

*Mann*, 2013 WL 1845611, at *5-6.

The rejection of this claim was not an unreasonable application of Supreme Court precedent. The controlling Supreme Court decision is *Darden v. Wainright*, 477 U.S. 168 (1986). Under *Darden*, a prosecutor's improper comments violate a criminal defendant's constitutional rights if they "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Indeed, "even if [a] prosecutor's conduct was undesirable or even universally condemned . . . it does not constitute a due process violation unless the conduct was so egregious so as to render the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (internal punctuation and citations omitted).

Here, the Michigan Court of Appeals did not unreasonably apply *Darden* when it concluded (1) that the prosecutor's remarks, even if improper, were not overly prejudicial, and (2) the jury instructions given by the trial court cured any potential prejudice from the statements. Simply put, it was not unreasonable for the state appellate court to conclude that the isolated remarks by the prosecutor were not the types "egregious" statements that "render[ed] the entire trial

22

fundamentally unfair." *Id.* This is especially true given the trial court's instructions to the jury, which would have mitigated any potential prejudice from those statements. Mann is not entitled to habeas relief on this claim.

### 2. Mann's Claim Based on the Prosecutor Commenting on His Failure to Testify

Mann next argues that the prosecutor unfairly commented on his (Mann's) failure to testify when the prosecutor was arguing to the jury about the importance of jailhouse informant Quint's testimony. Mann complains that the prosecutor referred to Quint's testimony as "uncontroverted," and he says that this reference was tantamount to a commentary on Mann's failure to testify because Mann was the only person who could have disputed Quint's testimony. The specific portion of the prosecution's closing argument to which Mann objects was as follows:

> Ladies and gentlemen of the jury, you have the testimony of Paul Quint, a person who has known the defendant for some period of time, who didn't want to be here testifying against this person he's known for a while and he's known his sister. He tells you that the defendant and he have a discussion. During that discussion, the defendant is basically asking what's going to happen or what the ramifications are for having sex with his stepdaughter. The defendant admitted that he had sexual relations with his stepdaughter. This is in June of 2010. **That testimony is uncontroverted**.

(1/12/2012 Tr. at 94, ECF #8-4 at 26, Pg. ID 273; emphasis added.)

23

The Michigan Court of Appeals considered this claim and concluded that

the prosecutor's comment was not obviously improper:

> Defendant also claims that the prosecutor shifted the burden of proof and commented on his right not to testify when he argued that Quint's testimony was uncontroverted. A prosecutor may not shift the burden of proof to the defendant. *People v. Fyda*, 288 Mich. App. 446, 463-464; 793 N.W. 2d 712 (2010). A prosecutor shifts the burden of proof when he argues that the defendant must prove something or present a reasonable explanation for damaging evidence. *Id.* A prosecutor may not comment on a defendant's failure to testify. *People v. Guenther*, 188 Mich. App. 174, 177; 469 N.W. 2d 59 (1991). This rule is an important corollary to a defendant's Fifth Amendment right against self-incrimination. *Id.* Here, no person other than defendant could have provided testimony that disputed Quint's testimony, but our case law supports that a prosecutor's argument that the evidence was uncontroverted is not an improper comment on the defendant's right not to testify even if the defendant was the only person who could have provided contradictory testimony. *See Fyda,* 288 Mich. App. at 464; *Guenther,* 188 Mich. App. at 177. Based on these cases, the prosecutor's argument that Quint's testimony was uncontroverted was not clearly or obviously improper. *Carines*, 460 Mich. at 763.

The Court of Appeals then concluded that even if the remark was improper,

Mann was not entitled to relief:

> Even if the prosecutor's argument was improper, the argument did not affect defendant's substantial rights. *Ackerman*, 257 Mich. App. at 448. The trial court instructed the jury that defendant was presumed innocent, that the prosecutor must prove each element of the

24

> charged crimes beyond a reasonable doubt, and that
> defendant was not required to prove his innocence or to
> do anything. The trial court's instructions cured any
> prejudice that defendant may have suffered. *Abraham*,
> 256 Mich. App. at 279.

*Mann*, 2013 WL 1845611, at *6, n.4.

The state appellate court's conclusion that the prosecutor's statement that Quint's testimony was "uncontroverted" – even if improper – did not warrant a new trial was not an unreasonable application of Supreme Court precedent.[3] *Cf. Davis v. Ayala*, 135 S. Ct. 2187, 2198-99 (2015) (state court's application of federal standard for harmless constitutional error is entitled to AEDPA deference). The trial court instructed the jury, both at the beginning and the end of the trial, that Mann was presumed innocent and that the prosecutor had the burden of proving Mann's guilt beyond a reasonable doubt.  The trial court also gave the jurors the standard jury instruction which defined the concept of reasonable doubt. Finally, the trial court specifically instructed the jury that Mann had an "absolute right" not to testify in his own defense, and that Mann's silence should not "affect [the jury's] verdict in any way." (1/12/12 Tr. at 119, ECF # 8-4 at 32, Pg. ID 270.) And the trial court drew special attention to that instruction.[4]   Under these

---

[3] This Court expresses no opinion as to whether the state appellate court was correct in holding that the prosecutor's comment was not plainly improper.

[4] The trial court initially skipped over this instruction when instructing the jury.

25

circumstances, it was not unreasonable for the Michigan Court of Appeals to conclude that any possible prejudice that may have resulted from the prosecutor's one, isolated statement was cured by the trial court's instructions. *See Scott v. Elo,* 302 F.3d 598, 603-04 (6th Cir. 2002) (denying habeas relief and concluding that even if prosecutor committed misconduct during closing argument, it was not an error that "jury instructions could not cure.").

Mann also seeks relief on the basis that his trial counsel was ineffective for failing to object to the prosecutor's statement that Quint's testimony was "uncontroverted." The Michigan Court of Appeals considered this claim and rejected it:

> Finally, we reject defendant's claim that defense counsel was ineffective for failing to object to the prosecutor's arguments. To the extent that the prosecutor's arguments were proper, defense counsel was not ineffective for failing to object. Counsel is not ineffective for failing to make a futile objection. *Fike,* 228 Mich. App. at 182. To the extent that the prosecutor's arguments were improper, defendant cannot show that, but for counsel's failure to object, there is a reasonable probability that the result of the proceedings would have been different. *See People v. Uphaus (On Remand),* 278 Mich. App. 174, 185; 748

---

When the Court realized its error, it stopped and noted that it had "left an important instruction out." (1/12/12 Tr. at 119, ECF # 8-4 at 32, Pg. ID 270.) The Court then said: "One very important instruction that I did not get in order here, ladies and gentlemen of the jury. Every defendant has the absolute right not to testify. When you decide the case, you must not consider the fact that the defendant did not testify. It must not affect your verdict in any way." (*Id.*)

>N.W. 2d 899 (2008). The trial court's instructions cured
>any prejudice that defendant might have suffered.
>*Abraham,* 256 Mich. App. at 279.

*Mann*, 2013 WL 1845611, at *6.

Applying the "doubly deferential" standard for ineffective assistance claims on habeas review, this Court cannot conclude that this conclusion was an unreasonable application of *Strickland.*

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that the Petition (ECF #1) is **DENIED**.

The Court will also decline to issue Mann a certificate of appealability. In order to obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate such a denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the habeas petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must further demonstrate that reasonable jurists would find the district court's assessment of the constitutional

27

claims to be debatable or wrong. *See id.* at 484.  For the reasons stated in this Opinion and Order, the Court declines to grant Mann a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.

Although this Court has denied Mann a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (an "IFP") is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; *see also* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).  Although jurists of reason could not debate this Court's resolution of Mann's claims, the issues Mann raises are not frivolous. Therefore, Mann could appeal this Court's decision in good faith.  The Court therefore grants Mann leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2016

28

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113